### RICHARDSON et al. v. SHEPARD et al.

(Circuit Court, D. Massachusetts. March 9, 1894.)

#### No. 3,100.

1. PATENTS FOR INVENTIONS—ANTICIPATION—HOOKS AND EYES.

   Letters patent No. 411,857, granted October 1, 1889, to Frank E. De Long, were for an improvement in the ordinary hook' for garments, consisting in the addition of a spring tongue placed intermediate between the side bars of the hook, its free end forming a loop coincident

with the bend of the hook; the tongue itself being bowed out towards the forward part of the hook, so that it will engage the eye, when fastened, and hold it in place. *Held*, that this was not anticipated by patent No. 195,825, granted October 2, 1877, to Joel Jenkins, for a safety pin whose guard has an "obstruction" to prevent the point of the pin being withdrawn from the guard by accident; for such obstruction has no spring, and is not displaced by inserting and removing the pin, as the tongue in De Long's patent is, where the hook engages the eye.

2. SAME.

Nor is De Long's device anticipated by English patent No. 8,068, granted in 1839 to John H. Rodgers, for a hook with a spring-bowed tongue to perform the same function as De Long's; for the Rodgers tongue does not form a loop coincident with the bend of the hook, and, in operation, its free end tends to abrade the garment, and to become so much displaced as to prevent the eye being withdrawn from the hook at all.

In Equity. On final hearing. Bill by Thomas De Q. Richardson and others against John Shepard and others for the infringement of complainants' patent. Decree for complainants.

Fish, Richardson & Storrow, Strawbridge & Taylor, and Bradbury Bedell, for complainants.

Thomas Ewing, Jr., for defendants.

COLT, Circuit Judge. This is a bill in equity brought for infringement of letters patent No. 411,857, granted October 1, 1889, to Frank E. De Long, for an improvement in hooks or fastenings for garments. The improvement of De Long over the ordinary hook consists in the addition of a spring-bowed tongue, placed intermediate between the side bars of the hook, and which forms a loop coincident with the bend of the hook. The specification says:

"Between the front and rear portions of the hook, and secured to a proper part thereof, is a spring tongue, B, which occupies part of the space between said portions, and is bowed or swelled outwardly so as to approach the front portion. * * * It will be seen that when an eye, loop, or ring is presented to the hook, and drawn between the front and rear portions thereof, it bears against the tongue, and rides over the same, forcing it backward so that said eye, etc., or ring is permitted to pass to the bend, D, the tongue then closing or returning to its normal position; and serving to retain the eye, etc., on the hook; it being noticed that the tongue prevents the return or displacement of the eye, etc., from the hook."

The single claim of the patent is as follows:

"A hook comprised of a hook proper and a shank formed of substantially parallel bars, and a tongue having its free end forming a loop coincident with the bend of the hook; said tongue and loop being intermediate of said side bars, substantially as described."

The only defense urged at the hearing was the invalidity of the patent, in the light of the prior state of the art. Of the many patents introduced in evidence as anticipating the De Long invention, I deem it necessary to consider only two,—the English patent No. 8,068, granted to John H. Rodgers, in 1839, and patent No. 195,825, granted to Joel Jenkins October 2, 1877. The Rodgers hook has a yielding resilient, humped tongue, and to this extent is similar to the De Long structure; but the end of the tongue, in this hook, is not carried around the bend of the hook. There are

two defects in the Rodgers hook: First, the end of the tongue, when the eye is inserted in the hook, is pressed down below the plane of the shank of the hook, and, coming in contact with the fabric, tends to abrade it; and, second, in inserting the eye in the hook, the spring tongue may become bent or displaced, in which case the eye, in attempting to unhook it, may pass behind or under the end of the tongue, and so prevent the disengagement of the eye from the hook. This hook was not a commercial success. The Jenkins patent is for a safety pin. The guard, which is integral with the wire of the pin, is composed of a series of convolutions lying close together, and forming a flat surface or bearing. This surface is then bent over, making a recess with two parallel, flat sides, within which the point of the pin is received, and protected by the upper and lower surface of the guard. The specification then declares:

"To prevent the point of the pin from being withdrawn from the guard, a, by accident, a small obstruction, c, is formed in the under surface of the guard, by bending one or more of the convolutions."

This obstruction offers no obstacle to the free insertion of the pin within the guard, but affords just enough resistance to its being withdrawn therefrom to hinder accidental displacement. The language of the Jenkins patent, and an inspection of the pin made in accordance therewith, show that the "small obstruction" in the guard of the pin does not perform the same function, and is in no proper sense the resilient, spring tongue of the De Long hook. It has no appreciable spring movement. It is not depressed when the point of the pin is inserted, and it does not spring back, thereby holding the point of the pin within the recess. The change in structure from Rodgers to De Long may seem slight, and, now that we see it, simple; but this is no sufficient reason for denying invention or patentability, where a beneficial change, embodying a new and better mode of operation, has been produced. It must also be remembered that numerous patents on hooks were taken out between the invention of Rodgers, in 1839, and of De Long, in 1889, and that it did not occur to any one engaged in developing this branch of the art to make the change which is found in the De Long device. This circumstance strongly tends to prove that such a modification of the Rodgers pin would not be obvious to one skilled in the art, and that, therefore, it called for the exercise of the inventive faculty. If we add to this the further circumstance that most of these prior efforts were failures, and that none of them met with more than moderate success, and contrast this with the great utility, extensive public use, and marked commercial success of the De Long hook, I think these considerations are sufficient to resolve any doubt on the question of patentability in favor of the patentee. Washburn & Moen Manuf'g Co. v. Grinnell Wire Co., 24 Fed. 23; Manufacturing Co. v. Haish, 4 Fed. 900; Reiter v. Jones & Laughlin, 35 Fed. 421; Wilcox v. Bookwalter, 31 Fed. 224; Hitchcock v. Tremaine, 9 Blatchf. 550, Fed. Cas. No. 6,540; Watson v. Stevens, 2 C. C. A. 500, 51 Fed. 757; Loom Co. v. Higgins, 105 U. S. 580; Consolidated Safety-Valve Co. v. Crosby, etc., Valve Co., 113

U. S. 158, 5 Sup. Ct. 513; Magowan v. Packing Co., 141 U. S. 332, 12 Sup. Ct. 71; The Barbed-Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450.

Decree for complainants.