Herman W. Danforth, Assignee, v. H. C. Stone, Admin-
istrator.

Gen. No. 4,600.

1. ASSIGNEE—*nature of office of, under Voluntary Assignment
Act.* An assignee under the act of this state concerning "volun-
tary assignments for benefit of creditors" is, in effect, a statutory
receiver, that is, he receives and holds in trust the property of the
assignor under the conditions, with the powers and duties possessed
under the common law by receivers, modified and controlled by
the provisions of such act.

2. ASSIGNEE—*right of, to recover trust fund from deceased as-
signee.* An assignee appointed upon the death of the original as-
signee is entitled to recover from the estate of such deceased as-
signee any funds in his possession belonging to the insolvent estate
which had not been disbursed by such deceased assignee or allowed
to him by way of compensation for services rendered.

3. INSOLVENT ESTATE—*effect of allowance of claim against.* The
allowance of a claim against an insolvent estate and an order to
pay the same is not a satisfaction thereof, nor is any portion of the
trust fund, by an order to pay a claim, segregated from the re-
mainder of the fund or taken out of the trust.

Contested claim in court of probate. Appeal from the Circuit
Court of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge,
presiding. Heard in this court at the October term, 1905. Reversed
and remanded. Opinion filed June 1, 1906.

PAGE, WEAD & HUNTER, for appellant.

J. A. WEIL and F. H. TICHENOR, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opin-
ion of the court.

On the 30th of December, 1892, Kirkwood, Miller &
Company made an assignment for the benefit of credi-
tors. Isaac C. Edwards was appointed assignee and
continued to serve as such until June 28, 1902, when
he died. As a consequence of the assignment, there
arose considerable litigation, reports of which appear
in the case of J. I. Case Plow Works v. Edwards,
71 Ill. App. 655, and the same suit in 176 Ill. 39.

February 19, 1900, Edwards, assignee as aforesaid, made a report in which he charged himself with receipts, $25,690.45, crediting himself with payments to the amount of $8,676.73, and stating a balance on hand of $17,013.72. The assignee further reported "that he had in his hands to pay out upon a dividend of two and one half per cent. $1,500, the greater portion of which had not been called for, and a small portion of which was claimed by different parties." The court confirmed said report.

At the May term, 1900, the report of the assignee was approved, and he was ordered to pay within thirty days to the J. I. Case Plow Works the sum of $2,700 for its expenses and attorney's fees; to McCullough & McCullough, $300; to George B. Foster, $4,885; and the order provided that he be allowed to retain as his compensation for services as assignee $6,500.

After the death June 28, 1902, of said Edwards, assignee, Herman W. Danforth, the appellant, was appointed his successor and he filed a claim in the Probate Court of Peoria County against the estate of Edwards for $17,013.72. The County Court allowed the claim of Danforth for $12,917.84, which appears to be the whole amount of the claim made by Danforth, with interest thereon, less $6,500 theretofore allowed by the County Court as compensation to Edwards for his services as trustee.

From such order of the Probate Court an appeal was prosecuted by the administrator of Edwards' estate to the Circuit Court of Peoria County, which court allowed the claim of Danforth for the sum of $1,412.31. The Circuit Court held as a proposition of law the following:

"That the present assignee is entitled to recover against the estate of Edwards the full amount of assets and funds which the report of said Edwards introduced in evidence shows he had in his hands

belonging to said estate at the time of making said report, less any sum shown by the evidence to have been paid over by him or by his estate pursuant to and in conformity with the orders of the County Court made in said assignment matter, *and less such sums as by his report and the order of the court have been allowed and appointed to creditors and are now subject to their order."*

The Circuit Court proceeded upon the theory that the order of the County Court made in the insolvency proceedings at the May term, 1900, allowing to three parties for attorney's fees and expenses of administration $7,885 and ordering assignee Edwards to pay such amount to said several parties within thirty days from the date of said order, was in effect a separating of the amounts so ordered to be paid, from the trust fund, and that the said sum of $7,885 became by such order a debt due to the said three claimants and ceased to be a portion of the trust fund.

Section 12 of the Statute concerning "Voluntary Assignment for Benefit of Creditors," provides:

"That in case any assignee shall die before the closing of his trust, or in case any assignee shall fail or neglect for the period of twenty days after the making of any assignment to file an inventory and valuation, and give bonds as required by this act, it shall be the duty of the county judge of the county, where such assignment may be recorded, on the application of any person interested as creditor or otherwise, to appoint some one or more discreet and qualified person or persons to execute the trust embraced in such assignment; and such person or persons on giving bond with sureties as required above of the assignee or assignees named in such assignment, shall possess all the powers thereby and by this act conferred upon such assignee or assignees, and shall be subject to all the duties hereby imposed as fully as though he or they are named in the assign-

ment, and in case any security shall be discovered to be insufficient, or on complaint before the county court it shall be made to appear that any assignee or assignees are guilty of wasting or misapplying the trust estate, said county court may direct and require the giving of additional security, and may remove such assignee or assignees, and may appoint others in their stead to fulfill the duties of said trust; and such persons so appointed on giving bond shall have full power to execute such duties, and to demand and sue for all estate in the hands of the person or persons removed, and to demand and recover the amount and value of all moneys and property or estate so wasted and misapplied, which he or they may neglect or refuse to make satisfaction for, from such person or persons, and his or their sureties.''

An assignee under the act of this state concerning ''Voluntary Assignments for Benefit of Creditors,'' is, in effect, a statutory receiver; that is, he receives and holds in trust the property of the assignor under the conditions, with the powers and duties possessed under the common law by receivers, modified and controlled by the provisions of the statute.

''As a general rule, actions against a receiver are in law actions against the receivership; his liabilities are official, not personal; and judgment against him should be so entered as to be enforced only out of the funds properly chargeable to him in his capacity of receiver, leaving the manner of enforcement to be determined by the court having jurisdiction of the receivership. And an action may be brought against a receiver on a liability incurred by his predecessor in the receivership, since the receivership is continuous and uninterrupted until the court relinquishes its hold upon the property, though its personnel may be subject to repeated changes; the position of the receiver in this respect being somewhat analogous to that of a corporation sole.'' Pomeroy's Equitable

Remedies, vol. 1, sec. 179; McNulta, Receiver, v. Loch-ridge, Administrator, 141 U. S. 332.

Our statute, before set forth, gives to the assignee appointed upon the death of any previous assignee, all the powers conferred by the statute and by the appointment made in pursuance of the statute. The right to the estate held by Edwards, as assignee, upon the appointment of Danforth passed to the latter. The claims mentioned, allowed against the estate while Edwards was the assignee thereof, were not paid by him; the fund out of which they should have been and were to be paid was held in trust by Edwards up to his death. Danforth by order of court succeeded to such trust. Had Edwards not died, but been removed by order of court, it is clear it would have been his duty upon such removal to have transferred the entire fund in his hands to the new assignee, Danforth, and he could have been compelled so to do by way of proceedings for contempt. Danforth being clothed with the trust, it became and is his duty to pay the claims heretofore mentioned in so far as he has funds in his hands with which to do so; in other words to the extent of the trust funds in his hands to comply with all the orders made by the court during the assigneeship of his predecessor, Edwards, as well as those that may be made during his administration. The allowance of a claim by the court and an order to pay the same is not a satisfaction thereof, nor is any portion of the trust fund, by an order to pay a claim, segregated from the remainder of the fund, or taken out of the trust. The present assignee has a just and valid claim against the administrator of the former assignee for all of the trust fund in his hands at the time of his death. To the amount thereof the appellant was, in the suit against the administrator of Edwards, entitled to a judgment.

The course of the former trials and of the argument here requires a few further suggestions. So far

as appears here, no appeal was prosecuted from the order of the County Court above referred to. Its validity or propriety could not be questioned on the trial of this claim in the Probate Court or on appeal in the Circuit Court. The succeeding assignee therefore cannot recover the $6,500 allowed to Edwards for his services as assignee, nor litigate in this cause the propriety of that allowance. Edwards had in his hands a portion of a former dividend not paid, part of it because it had not been called for and part of it because of disputes as to the parties entitled to receive it. The succeeding assignee is entitled to these funds in order to make distribution of them. If distribution cannot be made, the unclaimed portion does not belong to the assignee as his private property, but should be turned over to his successor, and ultimately is payable to the county treasurer under section 16 of the assignment act. There is proof tending to show that the assignee settled with certain creditors for less than the dividend due them, though he took receipts for the full amount due. In such case the assignee and his estate should only be credited with the amount the assignee actually paid. The Circuit Court should classify the claim. The judgment of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with. this opinion.

*Reversed and remanded with directions.*