## ESKIMO PIE CORPORATION v. LEVOUS et al.

Circuit Court of Appeals, Third Circuit. October 3, 1929.

No. 3994.

Everett & Rook, of Newark, N. J. (Amasa C. Paul, of Minneapolis, Minn., Thos. G. Haight, of Jersey City, N. J., and Henry B. Floyd, of Washington, D. C., of counsel), for appellant.

John C. Kerr, Hoguet & Neary, and Warren B. Hutchinson, all of New York City, for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court dismissing the bill of complaint on the ground that United States letters patent No. 1,404,539 for improvements in confections, issued to C. K. Nelson on January 24, 1922, was invalid for lack of invention.

The bill also alleged unfair competition in trade and trade-mark infringement, but no

error has been assigned to the decree except as to the patent in suit, and the case is here solely, as stated by both sides, on the question of the validity and consequent infringement of the patent. It was admitted that, if the patent is valid, it was infringed, and so we are concerned alone with the question of validity.

The patent describes and claims an ice cream confection known and sold as "Eskimo Pie." It consists of a substantially rectangular core or block of ice cream, sealed in a sustaining and form-retaining casing of chocolate adapted to maintain the confection in its original form during handling.

The patent contains seven claims, the first six of which are in issue. The first claim was admitted to be typical, and is:

"A confection comprising a core of normally liquid material frozen to a substantially solid state and sealed within an edible, sustaining and form retaining casing adapted to maintain the confection in its original form during handling."

The trial court held that, in view of the disclosures in the prior art, there was nothing new or novel in the Nelson patent, and so held it invalid. The prior art to which he referred was the booklet of Val Miller, published in 1907, entitled "Thirty-six years an Ice Cream Maker," and the German patent No. 274,709 issued to Wilhelm Tobien November 16, 1913. In the Val Miller booklet he describes the manufacture of "Ice Cream Cannon Balls" as follows:

"Mould some round balls extra hard as for individuals, then melt some sweet chocolate, thin it down with cocoa butter, let it cool until the most of the heat is off; now have two wire forks, drop a frozen ice cream ball into the chocolate, turn it upside down quick, and with your two forks, set it out on your tray, and then immediately in your ice cabinet or iced up can."

In the Tobien patent he claims:

"A process for producing small, hollow bodies made of Chocolate, Cocoa, Sugar, Gelatine, Albumen, or similar materials with fluid or pulpy contents by first placing the liquid or pulpy contents in a container and freezing same, and after same is frozen into a solid body to coat this body in the usual way with Chocolate, Cocoa, Sugar, Gelatine, Albumen, or similar materials which are designed to remain as a covering for the contents which may again assume their liquid form."

Did the disclosures of Val Miller and Tobien or either of them anticipate Nelson?

In the Val Miller practice, ice cream is moulded into a round ball, called a cannon ball, then dropped into sweet chocolate of the proper temperature, thinned down with cocoa butter, and by means of two wire forks it is quickly turned upside down, set out on a tray, and immediately thereafter put into an ice cabinet or iced-up can. The essential disclosures here are the coating of a round ball of frozen ice cream with chocolate.

In his specification Nelson says: "My invention comprises a core consisting of a block or brick of ice cream, of general rectangular configuration and of a more elongated form then is usually found in so-called individual bricks, as is indicated in Figure 1, such core being designated in Figures 2 and 3 by the letter A. This core A is contained and sealed within a shell, wall or coating B, of edible material which may be like that employed in coating chocolate candies." All that this means and what the patent means when stripped of technical verbiage is that an ordinary block of ice cream is coated with chocolate "like that employed in coating candies." What Val Miller did was to coat a *ball* of ice cream in substantially the same way; the difference being that in the one case a rectangular block is used and in the other a *ball* is used.

The appellant says that there are two distinctions at least between the ice cream block of the patent and the "cannon ball" of Val Miller which render the patent valid over Val Miller's disclosures: (1) The chocolate coating of the patent is a "sustaining and form retaining casing," while the cannon ball coating is not, but just chocolate. This contention would make patentability reside in the character of the chocolate coating and perhaps with the added element of the thickness thereof. This is referred to in the specification, which states with regard to the coating that the "material is of a thickness and consistency adapting it to retain its shape anl form at ordinary temperatures." Claim 5 states that the casing is of hardened chocolate of such thickness and consistency as to maintain the confection in its original form during handling.

Nothing is said in the Val Miller disclosure as to the thickness, consistency, or form-retaining character of the chocolate coating of the cannon ball, but it nevertheless is common knowledge that chocolate used as a coating when it becomes hard has a "sustaining and form retaining" character and function.

The disclosure of the Tobien patent applies to this aspect of the case. He says that:

122

"The invention refers to a new process for the manufacture of small hollow bodies of chocolate, cocoa, sugar, gelatine, albumen or the like, filled with a liquid or pasty mass. The process consists in that the filling, which can also be half liquid or gelatinous, is left to freeze in suitable moulds and that the frozen filling is then provided with a covering of chocolate, cocoa, sugar, gelatine, albumen or other suitable substances. The frozen contents of course after a short time, will again dissolve and in this way there is produced a suitable filling in a simple, quick, and clean manner, and far exceeding the processes hitherto used."

This patent shows that the chocolate coating or container covering candies, bonbons, etc., filled with brandy, cognac, and other liquids is a "sustaining and form retaining casing adapted to maintain the confection in its original form during handling." The casing in the Tobien patent does what the plaintiff says the disclosure of Val Miller did not do. The whisky in the Tobien patent, Mr. Nelson said, froze "hard enough to be coated with chocolate and then allowed to melt or put away, and it melted and the chocolate formed a shell in which the liquid was contained." This is a significant description of the Tobien invention, in view of claim 1 of the Nelson patent:

"A confection comprising a core of normally liquid material frozen to a substantially solid state and sealed within an edible, sustaining and form retaining casing adapted to maintain the confection in its original form during handling."

Tobien's confection has a core, of normally liquid material, frozen to a substantially solid state, and sealed with an edible, sustaining, and form-retaining casing, adapted to maintain the confection in its original form during handling. The coating or casing in the Tobien patent in character and function is a complete anticipation of the Nelson patent.

Did the application of this casing to a block of ice cream rather than to a ball of ice cream or candy constitute invention? Claim 6 says that the core and casing form a "substantially rectangular solid adapted to maintain its original form during handling." This is the only claim in issue which specifically mentions the form of the ice cream, but, if there is no patentable novelty in the casing as a product or in its function, there can be none in its application to a well-known form of ice cream because of the form. The patentee Nelson said what everyone knew: "It is well known that ice cream and the like are sold in brick or block form." There is no invention in merely changing the shape or form of an article without changing its function except in a design patent. Robinson on Patents, § 238; Thompson v. Boisselier, 114 U. S. 1, 5 S. Ct. 1042, 29 L. Ed. 76. In the case at bar, the patentee used an old and common form well known to everybody.

"The Eskimo Pie" has been nationally advertised, and sold by the million. It has been very popular. In a doubtful case, the fact that a patented article has gone into general use has great weight. Magowan v. New York Belting & Packing Co., 141 U. S. 332, 12 S. Ct. 71, 35 L. Ed. 781; Potts & Co. v. Creager, 155 U. S. 597, 609, 15 S. Ct. 194, 39 L. Ed. 275. But commercial success is an unsafe criterion even of utility and much less of patentability, and may be due to extensive and judicious advertising, activity in putting the goods upon the market, large commissions to dealers or the attractive manner and form in which the goods are put up and exposed to the eye of the purchaser. McClain v. Ortmayer, 141 U. S. 419, 428, 12 S. Ct. 76, 35 L. Ed. 800.

When an article is sold under a trademark, as here, commercial success may also be due to a large extent to an attractive name as a catchword. The question of the infringement of the trade-mark, "Eskimo Pie," however, is not, as above stated, before us, but was before the District Court.

We are of opinion that the learned District Judge did not err in holding the patent invalid, and the decree is affirmed.