## BRAMLETT et al. v. NATIONAL UNIT CORPORATION.

## GOLDFARB et al. v. SAME.

### No. 9014.

Circuit Court of Appeals, Ninth Circuit.

May 13, 1939.

Rehearing Denied June 2, 1939.

Charles C. Montgomery and Robert I. Kronick, both of Los Angeles, Cal., for appellants.

John Flam, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Patent No. 2,028,838 was applied for by Henry Kermin on June 3, 1935, was issued to him on January 28, 1936, and was assigned to appellee, National Unit Corporation, on March 18, 1937. On June 14, 1937, appellee brought infringement suits against (1) appellants Edward E. Bramlett, Charles R. Bramlett, Gordon F. Hatcher and E. Dana Brooks and (2) appellants Julius Goldfarb, Meyer Goldfarb, V. R. James and E. G. Heiden. Defenses in each case were that the patent was invalid for lack of novelty, for lack of invention and for lack of utility, and

that, if valid, it was not infringed. From decrees in appellee's favor, entered May 10, 1938, these appeals are prosecuted.

The patent is for an apparatus for storing and discharging mayonnaise and the like. The specification states: "The invention is particularly directed toward a container and dispensing means whereby a relatively viscous fluid or emulsion such as mayonnaise, may be dispensed in a sanitary manner and all of the contents of the container removed therefrom without exposing such contents to contaminating influences." The patent contains eight claims. The bills of complaint do not state which claims were infringed, but the cases were tried below and argued here upon the theory that claims 2 and 3 were the only claims involved. They read as follows:

"2. An apparatus for storing and discharging mayonnaise and the like, comprising: a stand having an enlarged bottom and a restricted top, a substantially vertical opening in the wall of said stand, a container provided with an enlarged base and a restricted top portion having an opening therein, a feeding device removably attached to the top of said container, and a restraining means within said stand adapted to engage with said feeding device when said container and feeding device attached thereto is introduced in inverted position into the stand through said restricted top and vertical wall opening, said container being stabilized by the top of said stand at a point between the top and base of said container.

"3. An apparatus for storing and discharging mayonnaise and the like, comprising: a stand having an enlarged bottom and a restricted top provided with an upwardly and outwardly flaring lip, a substantially vertical opening in the wall of said stand, a container provided with an enlarged base and a restricted top portion having an opening therein, a feeding device removably attached to the top of said container, and a restraining means within said stand adapted to engage with said feeding device when said container and feeding device attached thereto is introduced in inverted position into the stand through said restricted top and vertical wall opening, said container being supported and stabilized by the outwardly flaring lip of said stand."

Each claim describes a combination comprising a stand, a container and a feeding device, also called a dispenser.[1] The specification states: "The essential elements of my combination are a stand adapted to receive and hold a dispenser, together with a container which is also supported by said stand."

Combinations comprising these "essential elements" were known and used long prior to Kermin's alleged invention. One such combination is described in patent No. 1,723,229 issued to Joseph G. Coffin on August 6, 1929. Coffin's specification states:

"This invention relates to a device for dispensing viscous substances, or any substances or materials which lack free flowing qualities or flow very sluggishly, such as mustard, mayonnaise, whipped cream * * * and the like.

*　　*　　*　　*　　*　　*

"The main object of my invention * * * is to provide a container from which a desired or regulatable amount of mustard, mayonnaise or other substance can be dispensed when required and in which the contents of the container will be kept covered and retained in an entirely sanitary and clean condition, unaffected by air or other exterior conditions."

Coffin's stand comprises (1) a bracket supported by a table, counter or the like and (2) a ring-like metal band or hollow cylinder, called an annulus, which is internally threaded and is supported by the bracket. His dispenser comprises a valve chamber the upper end of which is externally threaded so that it may be screwed up into the annulus; also, within the chamber, a rotary feeding means and a passage through which the contents of a container are discharged. The mouth of the container is externally threaded so that it may be screwed down into the annulus. Thus Coffin's stand is adapted to, and does, receive and hold a dispenser, together with a container which is also supported by said stand.

Coffin's container and dispenser are stabilized and restrained—held in proper position—by the annulus and its internal threads, engaging the external threads of the container and dispenser. His stabilizing and restraining means are, if not identical with, the full equivalent of, those

---

[1] In the Kermin patent and in appellee's brief, the terms "dispenser," "feeding device" and "feeder" are used interchangeably.

described in claims 2 and 3 of the Kermin patent.

Appellee says that Coffin's container is intended to remain in position and be filled and refilled by removing a cover. The same may be true of the container described in claims 2 and 3 of the Kermin patent. Kermin's specification suggests the use of a coverless, non-refillable container, but claims 2 and 3 are not so limited. The container they describe may have a cover, may be filled and refilled by removing such cover, and may remain in position and be used indefinitely.

Appellee says that, in Coffin's device, there are no facilities for removing and replacing an "assembly" of container and dispenser. Appellee is mistaken. As stated in Coffin's specification, his container and dispenser, either or both, may be threaded out of the annulus without disturbing the other parts; or, if desired, by simply unthreading a nut, the annulus, with container and dispenser attached, may be removed from the bracket.

Appellee says that Coffin's device will not work. The assertion is based on the testimony of appellants' witness, Ralph Bennett: "In [Coffin's] patent I think there is some statement to the effect that it is adapted for mayonnaise or mustard or the like, but I don't believe it. The passages[2] are too small. * * * I don't think it is likely that any liquid or mayonnaise would flow." The witness was thinking, probably, of some drawing or structure which purported to be, or was by him assumed to be, an exemplification of Coffin's device, instead of the device itself as described in the patent. The patent does not limit the size of the passage to be used in the device. On the contrary, it states that the passage may be "smaller or larger * * * to suit the particular substance being dispensed." To say, therefore, that the device will not work because the passage is too small is absurd.

Other combinations comprising Kermin's "essential elements" are described in British patent No. 1,004,019 issued to Douglas Griffiths on September 26, 1911; United States patent No. 1,075,268 issued to Clarence C. Oliphant on October 7, 1913; No. 1,161,557 issued to Edward H. Weatherhead on November 23, 1915; and No. 1,260,335 issued to Henry G. Cordley on March 26, 1918. The devices described in these patents are designed to dispense liquids. Whether they are capable of dispensing viscous liquids, such as mayonnaise, depends on the type of dispenser used therein. To equip any of these devices with a dispenser adapted to mayonnaise would require no inventive genius, but only a moderate degree of mechanical skill.

It should here be noted that the claims in suit do not mention or describe any particular type of dispenser. The specification describes a pump[3] which may be used as a dispenser, but the claims in suit do not mention any pump. They merely call for "a feeding device"—in other words, a dispenser[4]—which may or may not differ from those described in earlier patents.

Were the question of novelty a doubtful one, significance might attach to the claimed commercial success of Kermin's alleged invention. This, however, is not a doubtful case. Compare Pacific Marine Supply Co. v. A. S. Boyle Co., 9 Cir., 103 F.2d 288, decided April 13, 1939. The evidence establishes conclusively that Kermin was anticipated by Coffin, Griffiths, Oliphant, Weatherhead and Cordley, and that, as to claims 2 and 3, the Kermin patent is invalid for lack of novelty. Other defenses need not be considered.

Decrees reversed.

---

[2] Meaning, evidently, the passage through which the contents of the container are discharged.

[3] The specification does not use the word "pump," but the thing it describes is a pump.

