RASMUSSON et al. v. NATIONAL POP-SICLE CORPORATION et al.

No. 8992.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

Rehearing Denied June 7, 1940.

W. Glenn Harmon and J. Edward Johnson, both of San Francisco, Cal., for appellant.

William H. Mackay and William S. Graham, both of San Francisco, Cal. (Daniel G. Albert, of New York City, of counsel), for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an interlocutory decree of the District Court adjudging defendants-appellants guilty of infringement of three patents collectively owned by the plaintiffs-appellees.

The patents in suit are: (1) The Burt process patent No. 1,470,524, as to claims 1, 2 and 5; (2) the Epperson patent No. 1,-505,592, as to claims 2 to 7, inclusive; and (3) the Burt product patent No. 1,718,997, as to claims 1, 3, 5, and 7. Of these, only claim 5 of the Burt process patent No. 1,-470,524 and claims 3 and 5 of the Burt product patent No. 1,718,997, were not involved in the adjudication of invalidity in Icyclair, Inc., v. National Popsicle Corp., 9 Cir., 94 F.2d 669. The decision of the District Court was rendered prior to our decision in that case.

Claim 5 of Burt process patent No. 1,-470,524 is described as: "The process of making a frozen confection which consists in bringing a handle member in contact with a body of edible substance which is fluid at normal temperatures, subjecting the body to refrigeration whereby it is solidified and thereby attached to the handle by congelation, and applying a protective outer coating of a material which is hard at normal temperatures to the frozen body portion while it is supported by the handle member."

Claims 3 and 5 of the Burt product patent are described as:

3. "A frozen confectionery product including a frozen ice cream body portion, and a stick having one end thereof embedded in the ice cream body portion, the other end of the stick projecting from the body portion and forming a handle by means of which the ice cream body portion can be held while being eaten."

5. "A frozen confectionery product including a frozen ice cream body portion, a penetrating handle member attached to the body portion, and an outer protective covering surrounding the body portion and formed of edible substance which is comparatively hard and non-sticky at normal temperatures."

These three claims present nothing of which disposition was not made in our decision in the Icyclair case. Specific mention is made of ice cream in claim 5 of Burt's product patent 1,718,997. It is childhood knowledge that the stick for a nose in a snowman, inserted in the afternoon is so frozen to the icy snow particles that, in the morning, young fingers cannot pull it out.

Appellees seek to maintain their burden of proof by laying greater stress on the commercial success of the product than was done in the Icyclair case. Appellants show the million and three-quarters dollars spent in advertising, the skill of appellees in popularizing their merchandise, and the coincidence of the expanding sales with the expanding use of new methods of refrigeration making the freezing process, attempted to be licensed by appellees, available to the confectioners' trade.

Appellees' contention is similar to that unsuccessfully made with regard to the Eskimo Pie, whose very rapid expansion in sales is on the border line of judicial knowledge. Eskimo Pie Corp. v. Levous, 3 Cir., 35 F.2d 120, 122. This is not such a doubtful case of invalidity that to resolve it, weight must be given to such evidence. Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 487, 55 S.Ct. 455, 79 L.Ed. 1005.

However, on the issue of commercial success, we find that it was due to the above causes proved by appellant and not to those asserted by appellees to maintain its burden on that issue.

From these considerations and those stated in our opinion in Icyclair, Inc., v. National Popsicle Corporation, supra, we hold the patents, so far as concern the claims here relied upon, are invalid for lack of novelty.

Reversed.