## ROOSEVELT v. WESTERN ELECTRIC Co.

### (Circuit Court, S. D. New York.   July 7, 1884.)

PATENT LAW—SALE OF PATENTED ARTICLE—VENDOR AND VENDEE.
    The purchase of a patented article from the patentee or owner of the patent confers upon the buyer the right to use the article to the same extent as though it were not the subject of a patent; but the sale does not import the permission of the vendor that it may be used in a way that will violate his exclusive property in another invention.

In Equity.

*Dickerson & Dickerson*, for complainant.

*Geo. P. Barton*, for defendant.

WALLACE, J. The case made by the motion papers is this: The complainant's patent is for an improvement in electric batteries, consisting of a prism and other elements, and the claims are for the prism, and for various elements in combination with it. The defendant is selling an electric battery which contains the prism in combination with the several other elements which are covered by the claims of the patent; having purchased the prisms from complainant, but having obtained the other elements of the battery from other sources.

If it were true that the prisms are not capable of any use except in combination with the other elements covered by the several claims of the patent, the complainant can nevertheless insist that the purchaser should only be permitted to use them as substitutes for prisms which have been deteriorated or destroyed, or to sell to others. They could be used in this way without infringing the complainant's rights.

The purchase of a patented article from the patentee or owner of the patent confers upon the buyer the right to use the article to the same extent as though it were not the subject of a patent; but the sale does not import the permission of the vendor that it may be used in a way that will violate his exclusive property in another invention. Where the article is of such peculiar characteristics that it cannot be dealt in as a trade commodity, and cannot be used practically at all, unless as a part of another patented article of the vendors; it would be preposterous to suppose that the parties did not contemplate its use in that way. It would be against good conscience to allow an injunction to a vendor under such circumstances. He

would be estopped from asserting a right which the purchaser must have understood him to waive.

Upon the argument of the motion, the case seemed to be like the one last stated, but it is not such a case.

The motion for an injunction is granted.