### DAVIS v. HALL MAMMOTH INCUBATOR CO.

(Circuit Court of Appeals, First Circuit. December 9, 1912.)

No. 976.

1. PATENTS (§ 203*)—INFRINGEMENT—PATENTED COMBINATION.
    Where one element of a patented combination is capable of use for other purposes than as a part of the combination, its sale by the owner of the patent separately does not carry the right to use the entire combination, and such use by the purchaser is an infringement.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 290–294; Dec. Dig. § 203.*]

2. PATENTS (§ 328*)—INFRINGEMENT—HEATER AND INCUBATOR.
    The Hall patent, No. 692,277, for a heater in combination with an incubator, held infringed.

Appeal from the District Court of the United States for the District of Massachusetts; Le Baron B. Colt, Judge.

Suit in equity by the Hall Mammoth Incubator Company against Ralph G. Davis. Decree for complainant, and defendant appeals. Affirmed.

Louis H. Harriman, of Boston, Mass., for appellant.

H. J. Cookinham, of Utica, N. Y. (George R. Nutter and J. Butler Studley, both of Boston, Mass., on the brief), for appellee.

Before PUTNAM and DODGE, Circuit Judges, and ALDRICH, District Judge.

DODGE, Circuit Judge. The appellee company owns United States patent 692,277, granted February 4, 1902, to Wilbur P. Hall. The patent has only one claim, which is, "in combination with an incubator, a heater," constructed as specified in the claim. Davis, the appellant, is charged with infringing this patent by using a heater, constructed according to the patent and bought of the appellee company, with an incubator not made or sold by that company.

The case was heard in the court below on an agreed statement of facts, which also constitutes the evidence in the record before us. The

first fact agreed is that the patent is good and valid. It further appears from the agreed statement that Davis built an incubator for himself about January 15, 1910, completed it about April 1, 1910, bought the patented heater from the company in March, 1910, and used it to heat his incubator from April 1 to June 28, 1910. It further appears from the agreed statement that the heater was used by Davis in connection with an incubator like the patented incubator, and that "the apparatus as used contained every element of the claim of said patent."

The defense is that the heater was sold separately, without any restriction as to the use to which it might be put, and that this gave Davis the right to use it in combination with his own or with any incubator, however procured.

[1] It is further agreed that the company "had been in the habit of selling heaters generally for other purposes than for incubators," and that its heaters were capable of use for various other purposes than that of heating incubators. In the District Court it was held, March 4, 1912, that in view of this fact the sale of the heater separately did not carry with it the right to use it in combination with an incubator, as might have been the case had the heater been capable only of the patented use, and such use the only use of it which both parties could have contemplated when buying and selling it; and Roosevelt v. Western Electric Co. (C. C.) 20 Fed. 724, was cited.

Davis contends that in the patent nothing novel or patentable is shown about the incubator it describes, that the only patentable features are found in the heater described, that the "incubator" of the patent must be taken to mean "any structure to be heated," and that he therefore purchased everything really covered by the patent when he bought the heater. But if any doubts could have been raised as to the patentability of the incubator and heater in combination, this is the combination which the patent purports to protect, and the one which stands agreed, for the purposes of this case, as protected by a lawful and valid patent. Moreover, the specification of the patent makes it clear that not only an incubator, but an incubator such as is shown and described in the patent, is what was patented in combination with the heater, so that Davis is prevented by the agreed facts from saying that the incubator which he built and used with the heater differed in any material respect from the incubator of the patent.

[2] Nothing in the record tends to show that Davis had not the usual notice, when he bought the heater, that he was buying a patented article. Not only is he thus chargeable with notice of the patent and what it covered, but in answer to inquiries by him the company had distinctly written him that the heater was patented, and had given him the name of the patentee, the price asked for an incubator and heater in combination, and the much smaller prices for heaters sold independently of incubators. See the letters, Complainant's Exhibits 2 and 4, made part of the agreed statement. There was afterward an interview at Davis' residence between him and an agent of the company regarding a proposed purchase by Davis of a heater to be used, not with an incubator, but with a brooder; and the price given Davis at that interview was the same as previously written him by the company for a heater thus to be used otherwise than with an incubator. Davis made

no purchase at this interview, but after an interval of some months he ordered the heater now in question from the company, not personally, nor by letter, but by telephone—not in his own name, but in the name of another person, who, at his request, agreed to advance money for the purchase. He ordered it consigned, not to himself direct, but to the other person referred to at Boston, who forwarded it to him from Boston when it arrived there. In his transaction with the company, Davis' name was thus not used at all. The conclusion can hardly be avoided that he was purposely concealing from the company his real intent to use the heater with an incubator in order to get it, for that purpose, at the lower price asked for it when sold for other uses. But, however this may have been, it is entirely clear that his claim to have bought the heater in ignorance, at the time of sale, of any restrictions as to its use, cannot be maintained.

In Morgan Envelope Co. v. Albany, etc., Co., 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500, relied on on Davis' behalf, what the defendant procured independently of the patentee, and used with the patented fixture, was held not an element of the patented combination. Henry v. A. B. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, is also cited, but it has no bearing on the questions here raised. We find no reason whatever to doubt that the District Court rightly held Davis' use of the heater with his incubator to have been an infringing use.

The decree of the District Court is affirmed, and the appellee recovers its costs of appeal.