## POPSICLE CORPORATION et al. v. WEISS.

District Court, S. D. New York.
May 15, 1929.

Decree for plaintiffs.

Morris Hirsch, Clair W. Fairbank, Irving M. Obrieght, Morris Hirsch, and Jacob Ansbacher, all of New York City, for plaintiffs.

Philip S. McLean, of New York City, for defendant.

BONDY, District Judge.

This is a suit for infringement of claim 1 of the Burt patent, 1,470,524, dated October 9, 1923, and claims 1 to 5 inclusive of the Epperson patent, 1,505,592, dated August 19, 1924.

Defendant's counsel admitted during the trial that, if the patents are valid, they were infringed by the defendant.

Claim 1 of the Burt patent covers: "The process of making a frozen confection which consists in bringing a handle member in contact with a body of edible substance which is fluid at normal temperature, and subjecting the body to refrigeration, whereby it is solidified and thereby attached to the handle by congelation."

In re Burt, 58 App. D. C. 7, 24 F. (2d) 273, the Court of Appeals of the District of Columbia held the product to be patentable for reasons which, in my opinion, apply to the process as well as the product. It stated: "To insert a stick in a small cake of frozen ice cream would break the cake apart, and if the cream was less hard the stick would not adhere sufficiently to permit handling. Of course, to be a success, the union between the stick and the frozen cream must be such as to permit the eating of the cream without breaking the union, and to make this result attractive to the public it must be accomplished without human hands touching the article in the process of manufacture. Finally, Mr. Burt hit upon the idea of freezing the stick in the ice cream; that is, by inserting the stick in the cream before freezing and then subjecting the mass to refrigeration. His experiments demonstrated that such a process created the desired union between the cream and the stick. The product was placed upon the market and has been a great success."

Burt provides a frozen confection which will stay on the stick until entirely consumed, by the application of refrigeration after the insertion of the stick, the frozen crystals of the confection extending into the pores of the stick from the body of the material so as to form an effective bond.

A method of uniting a frozen confection to a stick was unknown to the art of making frozen confections.

Goldberg's patent, No. 60,136, and McCoy's, No. 1,506,539, relate to candy or lollypops which are not liquid at ordinary temperature. As the Court of Appeals said in Re Burt, supra: "It is one thing to insert a stick in a warm, soft, sticky substance, that by cooling will adhere thereto, and quite another thing to effect a strong union between a stick and a frozen substance."

The claim is restricted to the application of a process to an edible substance which is fluid at normal temperature, which is subjected to refrigeration which not only solidifies the body, but also attaches the body to the previously inserted handle by congelation. It therefore has not been anticipated by lollypops, which are not subjected to refrigeration and are not attached to a stick by congelation, nor by Lustig's patents, Nos. 793,453 and 79,775, for nonedible cones without handles, nor by Nelson's, No. 1,404,539, for a frozen confection without a handle, nor by Schroeder's, No. 850,607, for a process of making large blocks of carbonated ice, nor by Kells', No. 284,212, for a process of cooling lard and like material for further treatment to obtain paraffin wax.

Holden's patent, No. 207,278, issued over fifty years ago, is the only prior art patent in evidence which discloses any substance frozen to a handle. It discloses a handle of metal plate which has no pores into which water can enter to form a bond, and a flexible looped cord which cannot be used as a han-

302

dle to hold up a frozen confection while being eaten. His patent relates to the process of making blocks of ice having a piece of cord frozen into the same to facilitate the lifting and handling of the ice.

Claims 1, 2, 3, 4, and 5 of the Epperson patent relate to the process of subjecting a quiescent volume containing potable liquid, flavoring matter, and sugar and of substantial height relative to its base dimensions to intense refrigeration whereby a frozen mass is formed homogeneous from end to end of a character such that the flavoring matter and sugar may be sucked therefrom to leave a tasteless mass of snow or ice (claim 1), and the process of making a frozen confection which consists in charging a generally cylindrical container, such as a test tube, with a syrup in liquid form inserting a stick thereinto to substantially contact the bottom thereof and to protrude from the top, and subjecting the liquid to refrigeration, loosening the surface of the frozen confection thereby formed with respect to the container wall and drawing it therefrom by the handle, whereby the handle in the withdrawing operation constitutes a core upon which the tension is exerted without breaking the frozen mass and serves as a core to maintain the mass intact preparatory to and during consumption (Claim 5).

By this process there is produced an article which the inventor describes as "a drink on a stick," and which is new and has many distinguishable features.

The confection is a mixture of ice crystals interlocked with each other with interstices containing the concentrated flavored liquid. It consists of frozen and unfrozen parts. Its liquid contents may be sucked from it, leaving a substantially colorless and tasteless mass of ice. The liquid is kept cool so long as the ice lasts. The release of the confection from the mold by dipping the mold in warm water, the thawing of the outer surface, and the immediate refreezing of the outer surface by the low temperature of the interior of the confection, form a smooth layer of ice on the outer surface which seals the pores and prevents the dripping of the syrup until melted by the application of the lips and continued exposure to heat.

The structure of the confection is rigid and brittle and not spoonable and plastic. It is reinforced by a stick through substantially the entire length of a small diameter body whereby the liability of breakage by pressing lips laterally against the confection is reduced.

The confection may be made and handled without contact of the hands with the portion to be sucked or consumed. It is frozen in individual units of uniform size. Its ice crystals are not broken up by agitation into small impalpable crystals like those formed in frozen confections such as ice cream and water ice from which the syrup or flavoring matter cannot be sucked to leave a tasteless ice mass.

The process is not merely one of freezing, but it is of freezing particular material under special circumstances whereby a novel product is produced.

None of the prior art patents (Burt's, 1,470,524; Holden's, 207,278; Goldberg's, 60,136; Born's, 1,195,437; McCoy's, 1,506,-539; Kelly's, 284,212; Schroeder's, 850,-607; Lustig's, 793,453 and 797,775) disclose a process for making a frozen confection (with or without a handle member) by the application of rapid and intense refrigeration of a potable liquid, flavoring matter, and sugar in a quiescent condition, producing a carrier for liquid syrup which may be sucked from the confection and leave a tasteless mass of ice.

■ The claims relate to a specific mode of treatment of certain material to produce a new and useful article, and are therefore valid. Cochrane v. Deener, 94 U. S. 782, 24 L. Ed. 139; P. E. Sharpless Co. v. Crawford Farms, Inc. (C. C. A.) 287 F. 655.

■ There is evidence that the defendant did infringe plaintiffs' patents before he purchased plaintiffs' molds. Moreover, a license to use plaintiffs' process cannot be implied from the sale of the mold to the defendant in the absence of satisfactory evidence that the molds were purchased from someone authorized by the plaintiffs to sell them without restriction, and in view of the fact that they are capable of use for purposes other than carrying out the process of the patents, and in view of the fact that the purchaser was notified of the existence of the patents and the necessity of a license if he intended to practice the process. Lawther v. Hamilton, 124 U. S. 1, 8 S. Ct. 342, 31 L. Ed. 325; General Electric Co. v. Continental Lamp Works, Inc. (C. C. A.) 280 F. 846; Davis v. Hall Mammoth Incubator Co. (C. C. A.) 200 F. 958.

Patents for both processes were granted by the Patent Office. The public acquiesced in the validity of the patents. Infringers have consented to the entries of decrees

against them. Confectioners are using the patents under licenses and paying royalties.

The plaintiffs accordingly are entitled to a decree.