## NATIONAL POPSICLE CORPORATION et al. v. HARVEY et al.

### No. 7847.

District Court, E. D. Pennsylvania.
April 26, 1934.

J. Louis Breitinger, of Philadelphia, Pa. (Daniel G. Albert, of Brooklyn, N. Y., of counsel), for plaintiffs.

John E. Flynn, Robert T. Potts, and W. Russell Green, all of Norristown, Pa. (Leo M. Fast, of New York City, of counsel), for defendants.

WELSH, District Judge.

The above-entitled cause having duly come on for trial at a stated term, to wit, the March term, 1934, of the United States District Court for the Eastern District of Pennsylvania, held at the courtroom thereof in the city and county of Philadelphia, state of Pennsylvania, on Monday, the 7th day of March, 1934, and succeeding days, before me for a premanent injunction, and the same having been tried before me, and all the parties hereto having duly presented proofs and evidence on all the issues involved therein and submitted to the court for consideration and decision:

This is a suit for a permanent injunction for the alleged infringement by defendants of: United States letters patent No. 1,505,-592, granted August 19, 1924, to Frank W. Epperson, for "Frozen Confectionery," which is a process patent; United States letters patent No. 1,470,524, granted October 9, 1923, to Harry B. Burt, for "Process of Making Frozen Confections," which is a process patent; United States letters patent No. 1,-718,997, granted July 2, 1929, to Harry B. Burt for "Frozen Confection," which is a product patent; United States letter patent No. 85,189, granted September 22, 1931, to Leonard B. Krick for "Design for a Confection," which is a design patent.

The bill of complaint also charged the defendants with violation of seven United States registered trade-marks owned by the plaintiff the Popsicle Corporation of the United States: No. 177,230, registered December 11, 1923; No. 219,744, registered October 26, 1926; No. 274,276, registered August 26, 1930; No. 284,006, registered June 9, 1931; No. 288,393, registered October 27, 1931; No. 288,507, registered October 27, 1931; No. 288,575, registered November 3, 1931, of which the frozen confection sold under plaintiff's trade-mark "Popsicle" during

the year 1931 amounted to approximately 225,000,000 confections of the plaintiff, and substantial portions of such sales were made in the Eastern District of Pennsylvania.

The bill of complaint also charged the defendants with engaging in unfair business competition and using unfair trade practices.

The testimony shows that, if the patents are valid, they were infringed by the defendants.

The Epperson patent relates to the manufacture of frozen confections which have a frozen body portion formed of an edible liquid, flavoring matter, and sugar, which is subjected to intense refrigeration so as to form a confection homogeneous from end to end, and of such character that the flavoring matter and sugar may be sucked therefrom to leave a tasteless mass of snow or ice. The claims therefore disclose the process of preparing such a frozen confection by immersing the combined handle and sustaining member through substantially the entire height of the portable substance and subjecting the same to refrigeration, causing the confection to become solidified by congelation to the solid sustaining member extended thereinto.

The Burt patents relate to a frozen confection which will stay on a stick until entirely consumed, by the application of refrigeration after the insertion of the stick, the frozen crystals of the confection extending into the pores of the stick from the body of the material so as to form an effective congelation bond.

The defendants attempted to defend, alleging that: The prior art of Hinck, patent No. 1,312,325, teaches a handle member attached to an edible body substance. The prior art of Holden, patent No. 207,278, teaches handle members attached to ice blocks by congelation; in other words, adhesion by congelation. The prior art of the Eskimo pie (Nelson patent No. 1,404,539) teaches a body portion frozen by congelation and an edible protective covering therefor; and that the patents as claimed by the plaintiffs are invalid.

It has been decided, however, that these three alleged prior art patents, the Hinck patent, No. 1,312,325 (the lollipop on a stick); The Holden patent, No. 207,278 (the large block of ice with a rope handle frozen therein); and the Nelson patent, No. 1,404,539 (Eskimo pie without a stick), did not read upon the patents in issue.

In re Burt, 58 App. D. C. 7, 24 F.(2d) 273, the Court of Appeals stated:

"To insert a stick in a small cake of frozen ice cream would break the cake apart, and if the cream was less hard the stick would not adhere sufficiently to permit handling. Of course, to be a success, the union between the stick and the frozen cream must be such as to permit the eating of the cream without breaking the union, and to make this result attractive to the public it must be accomplished without human hands touching the article in the process of manufacture. Finally, Mr. Burt hit upon the idea of freezing the stick in the ice cream; that is, by inserting the stick in the cream before freezing and then subjecting the mass to refrigeration. His experiments demonstrated that such a process created the desired union between the cream and the stick. The product was placed upon the market and has been a great success. * * *

"It is one thing to insert a stick in a warm, soft, sticky substance, that by cooling will adhere thereto, and quite another thing to effect a strong union between a stick and a frozen substance."

In the case of Popsicle Corporation of the United States v. Isadore Weiss (D. C.) 40 F.(2d) 301, Judge Bondy discussed the various claims, stating:

"Burt provides a frozen confection which will stay on the stick until entirely consumed, by the application of refrigeration after the insertion of the stick, the frozen crystals of the confection extending into the pores of the stick from the body of the material so as to form an effective bond.

"A method of uniting a frozen confection to a stick was unknown to the art of making frozen confections," and further stated:

"None of the prior art patents (Burt's, 1,470,524; Holden's, 207,278; Goldberg's, 60,136; Born's, 1,195,437; McCoy's, 1,506,-539; Kell's, 284,212; Schroeder's, 850,607; Lustig's, 793,453 and 797,775) disclose a process for making a frozen confection (with or without a handle member) by the application of rapid and intense refrigeration of a potable liquid, flavoring matter, and sugar in a quiescent condition, producing a carrier for liquid syrup which may be sucked from the confection and leave a tasteless mass of ice.

"The claims relate to a specific mode of treatment of certain material to produce a new and useful article, and are therefore valid. Cochrane v. Deener, 94 U. S. 782, 24 L. Ed. 139; P. E. Sharpless Co. v. Crawford Farms, Inc. (C. C. A.) 287 F. 655. * * *

"Goldberg's patent, No. 60,136, and Mc-

Coy's, No. 1,506,539, relate to candy or lolly-pops which are not liquid at ordinary temperature. * * *

"The claim is restricted to the application of a process to an edible substance which is fluid at normal temperature, which is subjected to refrigeration which not only solidifies the body, but also attaches the body to the previously inserted handle by congelation. It therefore has not been anticipated by lollypops, which are not subjected to refrigeration and are not attached to a stick by congelation, nor by Lustig's patents, Nos. 793,453 and 797,775 for nonedible cones without handles, nor by Nelson's, No. 1,404,-539, for a frozen confection without a handle, nor by Schroeder's No. 850,607, for a process of making large blocks of carbonated ice, nor by Kells', No. 284,212, for a process of cooling lard and like material for further treatment to obtain paraffin wax.

"Holden's patent, No. 207,278, issued over fifty years ago, is the only prior art patent in evidence which discloses any substance frozen to a handle. It discloses a handle of metal plate which has no pores into which water can enter to form a bond, and a flexible looped cord which cannot be used as a handle to hold up a frozen confection while being eaten. His patent relates to the process of making blocks of ice having a piece of cord frozen into the same to facilitate the lifting and handling of the ice."

The instant case, however, is a true combination of two products which perform a separate and distinct function by themselves when separated, but, when combined by the inventor Burt, form a new, and novel, and extremely useful, true combination, as the combination of the ice cream with the stick is a true physical bond, known as a congelation bond, which is produced by the growth of the crystals from the ice cream into and through the pores of the wooden stick penetrating into the ice cream.

Separating the stick and the ice cream, we have an ordinary wooden stick, which by itself is nothing more than a piece of wood and performed no utility whatsoever as such. We also have a piece of ordinary ice cream, which for many years has been eaten from a plate and with the use of a spoon; and at no time prior to Burt's patent did any one conceive of the idea of consuming an ice cream confection to completion without soiling the hands or clothing, unless the confection was consumed by means of a spoon or tinfoil or by means of a baked edible container, or other means. The combination of the stick and the ice cream as taught by the Burt Product patent brings about a new and useful product with a positive, useful, and novel result, and the plain, ordinary stick has become a handle member about which the ice cream is congealed by means of a strong physical, crystalline union or bond, and the edible substance contained about said stick may be completely and comfortably consumed to completion without any part of the hand coming in contact with the edible substance and without any part of the edible substance soiling the clothing of the person eating the confection, and at the same time producing a sanitary means whereby the stick also aids in the manufacture of the confection and in the handling and selling thereof.

If this combination were merely an aggregation instead of a true combination, and we pull the parts of this combination apart, we have each part still performing the same function as it did in the aggregation. This is impossible in the instant case, and it is apparent that this is a true combination and not a mere aggregation.

This principle is set forth in the case of Pickering v. McCullough, 104 U. S. 310, 318, 26 L. Ed. 749, wherein it was stated: "It must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions."

Judge Manton in the United States Circuit Court of Appeals for the Second Circuit, in the case of Line Material Co. v. Brady Electric Mfg. Co., 7 F.(2d) 48, at page 50, said: "Aggregation means that the elements of a claimed combination are incapable of co-operation to produce a unitary result, and in its true sense does not need prior art patents to support it, because obviously, if there is no co-operation between the parts, as claimed, there is no patentable combination. * * * Where patents have failed because of aggregation, the controlling factor has been that there was no combination in fact."

In the instant case there is also a true combination in fact between the ice cream and the stick in the Burt frozen confections, caused by the monolithic growth of the ice crystals of the ice cream into and completely through the stick to give that edible adhesion which is essential for the production of a commercial product, which is shown by the fact that, regardless of how the combined

product is handled after the stick has become congealed thereinto, there is no way of causing the ice cream to fall off of the stick unless it is eaten off or completely melted off.

Burt evidently discovered the novel utilization of an old principle to accomplish a new result and supply a new commodity of commerce—an article of manufacture formed into a single unit by a physical process of congelation made available by refrigeration.

The evidence as disclosed by the tests of aggregation and combination and those of substituting materials including what takes place when the confection sticks are dipped in paraffin shows that this invention is a true combination and not a mere aggregation.

After due deliberation having been had thereon, I do hereby make and find the following findings of fact and conclusions of law:

First. That the plaintiff National Popsicle Corporation is a corporation of the state of New Jersey, and the Popsicle Corporation of the United States is a corporation of the state of Delaware, and that said companies are respectively the owner and the exclusive licensee under the United States letters patent No. 1,505,592.

Second. That the plaintiff Good Humor Corporation of America is a corporation of the state of Ohio, and is the owner of United States letters patent No. 1,470,524 and No. 1,718,997.

Third. That the plaintiff the Popsicle Corporation of the United States is the owner of United States design letters patent No. 85,189.

Fourth. That the plaintiff the Popsicle Corporation of the United States is the owner of United States registered trade-marks Nos. 177,230; 219,744; 274,276; 284,006; 288,393; 288,507; and 288,575.

Fifth. That United States letters patent No. 1,505,592, issued August 19, 1924, to Frank W. Epperson for "Frozen Confectionery," are good and valid in law as to all of the claims thereof, and have been infringed by the defendants.

Sixth. That United States letters patent No. 1,470,524, issued October 9, 1923, to Harry B. Burt, for "Process of Making Frozen Confections," are good and valid in law as to all of the claims thereof, and have been infringed by the defendants.

Seventh. That United States letters patent No. 1,718,997, issued July 2, 1929, to Cora W. Burt, as assignee of Harry B. Burt, and his executors, for "Frozen Confection," are good and valid in law as to all of the claims thereof, and have been infringed by the defendants.

Eighth. That United States design letters patent No. 85,189, issued September 22, 1931, to Leonard B. Krick for "Design for a Confection," are good and valid in law, and have been infringed by the defendants.

Ninth. That United States trade-marks No. 177,230, registered December 11, 1923, No. 219,744, registered October 26, 1926, No. 274,276, registered August 26, 1930, No. 284,006, registered June 9, 1931, No. 288,393, registered October 27, 1931, No. 288,507, registered October 27, 1931, and No. 288,575, registered November 3, 1931, are good and valid in law, and have been violated and infringed by the defendants.

Tenth. That the confection frozen on sticks as manufactured, sold, and distributed by the defendants herein, and termed by them "Ice Popsicles," infringe upon each and all of the claims of Epperson letters patent No. 1,505,592, infringe upon claims Nos. 1 and 2 of Burt letters patent No. 1,470,524, and infringe upon claims Nos. 1 and 7 of said Burt letters patent No. 1,718,997, and upon the rights of plaintiffs under each and all of said patents and the claims hereinabove specified.

Eleventh. That the confections frozen on sticks as manufactured, sold, and distributed by the defendants herein, and termed by them "Yum-Yum Popsicles," infringe upon claims Nos. 6 and 7 of Epperson letters patent No. 1,505,592, infringe upon claims Nos. 1 and 2 of Burt letters patent No. 1,470,524, and infringe upon claims Nos. 1, 3, and 7 of the Burt letters patent No. 1,718,997, and upon the rights of plaintiffs under each and all of said patents and the claims thereof hereinabove specified.

Twelfth. That the confections frozen on sticks as manufactured, sold, and distributed by the defendants herein, and termed by them "Ice Cream Popsicles," infringe upon claims Nos. 6 and 7 of Epperson letters patent No. 1,505,592, infringe upon claims Nos. 1 and 2 of Burt letters patent No. 1,470,524, and infringe upon claims Nos. 1, 3, 5, and 7 of Burt letters patent No. 1,718,997, and upon the rights of plaintiffs in each and all of said patents and the claims thereof hereinabove specified.

Thirteenth. That all of the confections frozen on sticks as manufactured, sold, and distributed by defendants herein, and termed

respectively "Ice Popsicles," "Yum-Yum Popsicles," and "Ice Cream Popsicles," infringe upon the claim of Krick United States design letters patent No. 85,189, and upon the rights of plaintiff the Popsicle Corporation of the United States, under said patent and the claim thereof.

Fourteenth. That the methods of sale and distribution employed by the defendants herein as to all of the confections frozen on sticks and sold and advertised for sale respectively by the defendants as "Ice Popsicles," "Yum-Yum Popsicles," and "Ice Cream Popsicles," are in violation of and infringe upon the rights of plaintiff the Popsicle Corporation of the United States, in, to, and under the trade-mark "Popsicle" as covered by the United States trade-mark registrations here in suit.

Fifteenth. That the prior art cited by the defendants, to wit, Hinck patent No. 1,-312,325, relating to a mold or method for making candy lollypops, Holden patent No. 207,278, relating to a method and apparatus for manufacturing ice, and Nelson patent No. 1,404,539, relating to a chocolate-coated ice cream confection, do not disclose nor describe the inventions of the patents here in suit; said prior art patents being unrelated and directed to widely diversified arts, neither suggesting nor describing any ways or means for producing the subject-matters or processes involved herein, and they cannot be combined to anticipate the inventions of the patents herein before me which relate to a specific mode of treatment of certain material to produce a new and useful article.

Sixteenth. That a method of uniting a frozen confection to a stick was, prior to the advent of the patents in suit, unknown in the art, and the specific processes described and claimed in the patents in suit are new, novel, and useful, and result in producing a new, novel, and useful article, which has received wide acceptance and recognition by the frozen confection industry.

Seventeenth. That the evidence concerning the well-known "jelly apple" on a stick discloses clearly that it is similar in many respects to the well-known candy lollipop, and that the "jelly apple" is as different from the confections manufactured under the patents here in suit as is the candy lollipop.

Eighteenth. That the patents in suit disclose and cover a frozen confection, which will stay on the stick until entirely consumed, by the application of refrigeration after the insertion of the stick, the frozen crystals of the confection extending into the pores of the stick from the body of the material so as to form a congelation bond, thereby bringing about a true combination in fact, the union between the stick or handle member and the frozen substance of the confection produces a different force, effect, and result in the combination thereof from that given by each of the parts separately, and in so doing a new article of a distinct character and function is produced as the result of the joint and co-operating action of all the elements combined.

Nineteenth. That the prior use of a snowman having a broom handle stuck therein, as cited by the defendant, has no application to the inventions of the patents in suit; that there is no identity of function nor identity of the manner of performing that function between the snowman and the broomstick on the one hand, and the frozen confection and the handle member as disclosed by the patents in suit on the other hand; that I find that the broomstick in the snowman not only does not perform the function of the stick in the frozen confection in the same manner, but does not perform the same or a similar function; and that I further find that the same also is true of the two bodies in comparison, that not only does the snow or ice of the snowman not perform the same function as the ice cream in the confection in the same manner, but it does not perform the same or a similar function.

Twentieth. That at the time of the acts of infringement complained of herein the defendants were operating without a license or consent from any of the plaintiffs, expressed or implied.

Twenty-First. That the equipment used by the defendants herein in the manufacture of infringing articles under the patents in suit, having been purchased from the plaintiffs while operating under a previous license, which has since expired, was subject to restriction, and that the defendants violated said restriction and were using said equipment, consisting of so-called "Popsicle" molds and stick centering devices illegally and without authority, expressed or implied.

Twenty-Second. I further find that the evidence submitted proves conclusively that the use of paraffin-coated or paraffin-treated sticks does not prevent or alter the formation of an effective congelation bond between the frozen body substance and the stick or handle member of the confection, as described and claimed in the patents in suit, and that the bond formed under such circumstances is similar in every respect to the bond produced between the frozen body substance of the

confection and an untreated stick or handle member.

Accordingly, I find that the plaintiffs are entitled to the relief as prayed for and to judgment on all the issues; and judgment is rendered in favor of the plaintiffs and against the defendants with costs and disbursements; giving them a permanent and perpetual injunction, as prayed for in the bill of complaint herein, together with damages and an impounding order.

Decree will issue accordingly.