## ICYCLAIR, Inc., et al. v. NATIONAL POPSICLE CORPORATION.

### No. 8410.

Circuit Court of Appeals, Ninth Circuit.

Feb. 2, 1938.

670

Fred H. Miller and L. J. Styskal, both of Los Angeles, Cal., for appellants.

D. G. Albert, of Brooklyn, N. Y., and William S. Graham, of San Francisco, Cal. (J. Calvin Brown, of Los Angeles, Cal., of counsel), for appellees.

W. Glenn Harmon and J. Edward Johnson, both of San Francisco, Cal., amici curiæ.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an interlocutory decree entered in the District Court holding claims 1 and 2 of letters patent No. 1,470,-524 granted to Harry B. Burt October 9, 1933, claims 1 and 7 of letters patent No. 1,718,997 granted to him July 2, 1929, claims 2, 3, 4, 5, 6 and 7 of letters patent No. 1,505,592 granted to Frank W. Epperson August 19, 1924, valid and infringed by appellants and enjoining future infringement.

The claimed invention disclosed by these patents covers the process of manufacturing a frozen confection composed of ice cream, sherbet, water ice, or the like, with the end of a stick frozen in it. The other end of the stick serves as a handle while the confection is being eaten. The Burt patent 1,718,997 covers the product manufactured under Burt patent 1,470,524. Claims 1 and 2 of the Burt patent No. 1,470,524 cover the manufacturing process which involves placing the ice cream mixture in a container, partially freezing the same, then placing a number of sticks therein so that there will be a handle for each piece when subdivided, and then freezing the mixture until it is hard. The frozen cream is then subdivided into individual confections each having its own stick, or handle. Claims 2, 3, 4, 5, 6, and 7 of the Epperson patent No. 1,505,592 also cover the process of making a frozen confection with a handle. On the question of whether the Burt process patent anticipates the Epperson patent appellees, who are the owners of both patents, correctly state in their brief: "The Epperson Process patent No. 1,505,592 differentiates from Burt in that Burt, by virtue of freezing in a single block and thereafter cutting into individual pieces, took a longer time to freeze in the hardening room (from 12 to 24 hours); whereas Epperson's invention consists in pouring the product into small individual cavities of exact size and shape of the completed individual pieces, inserting a stick therein to substantially contact the bottom thereof and to protrude from the top, and subjecting them to intense refrigeration so that the sides of the individual cavity molds are subjected to intense refrigeration over their entire surfaces; thereby the freezing time was reduced from 12 hours to about 12 minutes and the cutting operation of Burt was eliminated entirely. Epperson also obtained a different result in the stratified form of crystallization by forming the crystals faster so that they become a vehicle for carrying the syrup in the interstices therebetween."

It is claimed that the Epperson patent is an improvement of the Burt process patent.

Appellants contend that claims 1 and 2 of the Burt process patent and claims 1 and 7 of the Burt product patent are invalid because anticipated by the prior art and do not constitute invention.

There is no escape from appellants' proposition. The advantages of placing an edible confection on a stick was taught by the prior art in the manufacture of candy suckers. (See patent No. 934,310 granted September 14, 1909, to Edgar J. Hedrick, for a candy mold, to be used for manufacturing candy suckers.) Certainly there was nothing novel in placing the stick or handle in the partially frozen confection.

A patent granted August 20, 1878 (No. 207,278), to D. L. Holden, showed the use of a rope handle for blocks of ice, secured by freezing therein.

Moreover, it is a matter of common knowledge that ice will adhere to wood. It needed but a trial to show that ice cream and other frozen confections would do likewise. There was no problem presented in freezing a confection on the end of a stick which required invention. In regard to the Burt patent No. 1,718,997 (product patent), it is clear that a frozen confection on a stick is not a novel product in view of the fact that candy confections have been placed on sticks and marketed for many years.

The Court of Appeals of the District of Columbia, acting in pursuance of its jurisdiction over appeals from the Patent Office, reversed the decision of the Examiner, who had held that there was no invention in Burt's application for a product patent. In re Burt, 58 App.D.C. 7, 24 F.2d 273. Consequently, the patent was issued. This decision adds little, if any, weight to the presumption arising from the issuance of the patent and is not a precedent in a litigated case. Cf. Rousso v. First Nat. Bank in Detroit, 6 Cir., 37 F.2d 281; Radio Corporation of America v. Radio Engineering Laboratories, 293 U.S. 1, 55 S.Ct. 928, 79 L.Ed. 163.

Our conclusion is in accord with that of the Circuit Court of Appeals of the Second Circuit in Good Humor Corporation of America v. Blue Bird Ice Cream & Charlotte Russe, 66 F.2d 1013, affirming without opinion, D.C., 1 F.Supp. 850. It is unnecessary to cite or discuss a number of decisions by District Courts on these same patents in suit.

We conclude that claims 1 and 2 of the Burt patent No. 1,470,524 and claims 1 and 7 of the Burt patent No. 1,718,997 are invalid because of lack of invention.

From what we have said it is clear that claims 2, 3, 4, 5, 6 and 7 of the Epperson patent No. 1,505,592 are likewise invalid for want of invention. The fact that Epperson by the device of placing the mixture to be frozen into individual molds was able to freeze the product much faster than Burt discloses no patentable process, even though it be conceded that a different form of crystallization was thus obtained.[1]

Other points raised by appellants do not require discussion in view of our conclusion as to the invalidity of the patents in suit.

Decree reversed.

---

[1] It should be noted that in claim 1 of the Epperson patent it is stated that by subjecting the material to be frozen to intense refrigeration "a frozen mass is formed homogeneous from end to end of character such that the flavoring matter and sugar may be sucked therefrom to leave a tasteless mass of snow or ice." This claim was withdrawn from suit by appellees.