HALORO, INC., Appellant

v.

OWENS-CORNING FIBREGLAS COR-
PORATION, Appellee.

No. 14730.

United States Court of Appeals
District of Columbia Circuit.

Argued April 16, 1959.

Decided May 14, 1959.

Mr. Conder C. Henry, Alexandria, Va.,
for appellant.

Mr. Carl F. Schaffer, Toledo, Ohio, of
the bar of the Supreme Court of Ohio,
pro hac vice, by special leave of court,
with whom Mr. A. Lloyd Symington,
Washington, D. C., was on the brief, for
appellee.

Before EDGERTON, WILBUR K. MILLER
and FAHY, Circuit Judges.

PER CURIAM.

The appeal is from a judgment
of the District Court in favor of the de-
fendant company following a trial upon
the merits of an action for infringement
of a patent for a spun glass roofing mop.[1]
The court held that the patent, which the
court had authorized to be granted to
plaintiff's assignors in earlier R.S. 4915

---

1. Patent No. 2,671,922. It is described as
relating "to a mop formed of twisted
strands of continuous fibrous glass cord
instead of the usual strands of cotton
twill or fibre." The purpose of the in-
vention, as the patent states, "is to pro-
vide a mop particularly adapted for
spreading asphalt, or like substances
* * * in which the asphalt functions
as a lubricant lengthening the life of the
strands instead of causing deterioration
therein."

proceedings,[2] was unenforceable because the patent had been procured by the fraud and inequitable conduct of plaintiff's assignors in those proceedings. The bases of the finding of fraud and inequitable conduct were representations and testimony as to the universal adoption and use of the mop in the roofing industry and its commercial success, not as to the status otherwise of the patent as an invention. In the present litigation the court left two other issues affecting the merits of plaintiff's claim undecided.

 By statute, 35 U.S.C. § 282 (1952), "a patent shall be presumed valid" and the party asserting invalidity has the burden of establishing it. The requirement of proof to sustain the burden is heavy. It must be "by clear and convincing evidence," Oliver United Filters, Inc. v. Silver, 10 Cir., 1953, 206 F.2d 658, 664, certiorari denied, 346 U.S. 923, 74 S.Ct. 308, 98 L.Ed. 416. And see Radio Corporation of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 7–8, 55 S.Ct. 928, 79 L.Ed. 163; Marks v. Polaroid Corp., 1 Cir., 1956, 237 F.2d 428, 436, certiorari denied 352 U.S. 1005, 77 S.Ct. 564, 1 L.Ed.2d 550; Martin v. Ford Alexander Corp., D.C.S.D.Cal.1958, 160 F.Supp. 670, 685. On the record before us we hold that the evidence of fraud and inequitable conduct was not sufficient to meet the required standard.

We have considered Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, and Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381, relied upon by the District Court, but do not find them controlling. In Hazel-Atlas, in the words of the Court, there was a "deliberately planned and carefully executed scheme to defraud," of which the proof was "conclusive"; and no equities had intervened through transfer of the fraudulently procured patent to an innocent purchaser. 322 U.S. at pages 245–246, 64 S.Ct. at pages 1000–1001. And in Precision the Court said that "the history of the patents and contracts in issue is steeped in perjury and undisclosed knowledge of perjury" with the plaintiffs having "at least moral and actual certainty if not absolute proof of the facts concerning the perjury * * *." 324 U.S. at page 816, 65 S.Ct. at page 998.

 In vacating the present judgment, however, we shall at the same time remand the case to the District Court for further proceedings, since, as we have said, other issues affecting the merits of the plaintiff's case were left undecided. We think remand the better course, notwithstanding we could in our discretion pass upon those issues ourselves. See Barie v. Superior Tanning Co., 7 Cir., 1950, 182 F.2d 724, and Moore v. C. R. Anthony Co., 10 Cir., 1952, 198 F.2d 607.

Reversed and remanded.

---

2. Under 27 Stat. 436 (1893), as amended, 35 U.S.C. § 63 (1946), as amended, 66 Stat. 803, 35 U.S.C. § 145 (1952).