**HALORO, INC., Appellant,**

v.

**OWENS–CORNING FIBERGLAS CORPORATION, Appellee.**

**No. 15669.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 1, 1960.

Decided Feb. 9, 1961.

Mr. John J. Finnegan, Jr., Camden, N. J., of the bar of the Supreme Court of New Jersey, Camden, pro hac vice, by special leave of court, with whom Mr. Conder C. Henry, Washington, D. C., was on the brief, for appellant.

Mr. Carl F. Schaffer, of the bar of the Supreme Court of Ohio, Toledo, Ohio, pro hac vice, by special leave of court, with whom Mr. Lloyd Symington, Washington, D. C., was on the brief, for appellee.

Mr. Alexander B. Hawes, Washington, D. C., also entered an appearance for appellee.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and FAHY, Circuit Judges.

WILBER K. MILLER, Chief Judge.

Frank K. Lower and Thomas R. Hatz, Jr., applied January 22, 1946, for a patent on a spun glass roofing mop. In the protracted proceedings in the Patent Office, the examiner's rejection of all pertinent claims was affirmed by the Patent Office Board of Appeals. The applicants then sued for and obtained, under R.S. § 4915,* a judgment author-

\* Now 35 U.S.C.A. §§ 145, 146.

izing the issuance of a patent. Pursuant thereto, on March 16, 1954, the Commissioner of Patents issued Letters Patent No. 2,671,922 to the appellant as assignee of the applicants.

On April 25, 1955, Haloro, Inc., sued Owens-Corning Fiberglas Corporation in the District Court alleging infringement of its patent for a spun glass roofing mop. Owens-Corning's principal defenses were that the patent is invalid, that it is unenforceable because it was procured by fraud and inequitable conduct of Haloro, Inc., in the § 4915 proceeding, and that anyway there had been no infringement. The District Court held the patent unenforceable because it had been procured by Haloro's fraud and inequitable conduct, and did not reach the other two defenses interposed by Owens-Corning.

On appeal we reversed, holding the evidence of fraud and inequitable conduct insufficient to meet the required standard.[1] We remanded the case to the District Court for further proceedings, since other issues affecting the merits had been left undecided. Upon remand, the District Court found the patent invalid and also found it had not been infringed. Haloro, Inc., again appeals.

■ A roofing mop is used to apply on a roof a coating of molten asphalt, which of course is at a high temperature. The claims of the patent involved here are directed to the use of a continuous fibrous glass cord in such a mop, instead of yarns of cotton or other fibers commonly used to form the mop head. Patentability depends, therefore, upon whether the substitution of a new material for one formerly used in a roofing mop amounts to invention. As the Patent Office Board of Appeals succinctly put it, "Does it involve invention to substitute glass fibres for the usual cotton fibres commonly used in a roofer's mop?"

■ Many years ago the Supreme Court established the rule that the mere substitution of an existing material which is superior to that previously employed is not patentable. Hotchkiss v. Greenwood, 1850, 11 How. 248, 52 U.S. 248, 13 L.Ed. 683. This general rule does not apply when the substitution of materials is not obvious and produces such startling and unexpected results as to make the use of the old material obsolete. This court said in Carbide & Carbon Chemicals Corp. v. Coe, 1938, 69 App.D.C. 372, 376, 102 F.2d 236, 240:

"* * * The upshot of the decisions of course is that there must have been inventive capacity as distinguished from mechanical or routine skill necessary to accomplish the substitution. If from the prior art or from the properties of the thing substituted, the substitution was obvious, no patent is allowable. If, on the contrary, it was not obvious, if inventive capacity was required to see the applicability to the use in question of the thing substituted, and the advantage in new and useful results or increase in efficiency or saving in operation, then a patent is to be granted. * * *"

In the § 4915 proceedings the plaintiffs introduced evidence tending to show that the glass roofing mop was the only type currently in use, and that it had completely replaced and rendered obsolete the old cotton mops; and argued that startling and unexpected results had been achieved by the substitution of materials. On the basis of that showing, the District Court held the claims disallowed by the Patent Office did not involve merely the substitution of materials in a manner which would be obvious to one skilled in the art, and that

"* * * in the circumstances as developed in the record in which the roof mop composed of glass fiber strands is in well nigh universal use because of its completely demon-

---

[1]. Harloro, Inc. v. Owens-Corning Fibreglas Corp., 1959, 105 U.S.App.D.C. 320, 266 F.2d 918.

strated superiority to that composed of old cotton fibers, the Court finds that the claims in question do not involve a simple substitution of material which would not normally be patentable, but that, as claimed by Plaintiffs, a startling and unexpected result has been achieved, and that patentability is present."

After remand of the present case, the District Court decided that the evidence upon which the court had relied in the earlier § 4915 proceeding in finding patentability had been refuted by the proofs in this case. For example, it was established by competent evidence that in 1953, glass roofing mops accounted for less than one-half of one per cent of the total sales of roofing mops by the largest manufacturer, computed in pounds of material used; and that, computed in number of mops sold, the sales of glass mops amounted to approximately two-tenths of one per cent of the total sales. In 1956, the same manufacturer's sales of glass mops were less than one-half of one per cent of its total sales. The testimony indicated that figures for the entire industry would probably show that glass mops accounted for an even smaller percentage of total sales. The District Court held, therefore, that the presumption of the patent's validity had been overcome, as the conditions relied on by the court which granted it had been shown to be erroneous and unfounded.

The District Court also found that glass fiber's resistance to heat and charring at the temperature of molten asphalt, which makes it suitable for use in a roofing mop, had been disclosed and was publicly known before the patentees substituted it for cotton in a mop head; that in view of the known properties of glass fiber, its use in a roofing mop was obvious. It was therefore found that no invention is involved in substituting glass fiber for the cotton fiber used in the prior art. The trial court finally concluded that the evidence before it refuted that which had been adduced in the earlier

§ 4915 proceeding; that the substitution of glass for cotton fiber did not produce a startling and unexpected result, did not render obsolete the use of the old material, and that the evidence showed lack of invention.

■ The foregoing findings of the trial court are not clearly erroneous, but are supported by adequate evidence. Consequently, we may not disturb them. Rule 52, Federal Rules of Civil Procedure;** Graver Tank & Mfg. Co. v. Linde Air Products Co., 1950, 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097.

The holding of the District Court is not tantamount to a finding of fraud in procuring the judgment which authorized the issuance of the patent. It is simply a conclusion that the record now presented does not support a finding of invention in the substitution of one material for another because the choice was obvious, and a startling and unexpected result was not achieved.

■ While this is contrary to the finding of the court in the § 4915 proceeding, it is adequately supported by the present record, as we have said, and is sufficient to overcome the presumption of the patent's validity. That presumption is no stronger when a patent is judicially authorized than when it is originally issued by the Commissioner. Icyclair, Inc. v. National Popsicle Corp., 9 Cir., 1938, 94 F.2d 669. In either event, the presumption of validity may be overcome.

Appellant's contention that the invention of the patent in suit does not involve the mere substitution of material but is based on the discovery of a new use of glass yarns in a roofing mop must be rejected. The claims of the patent are directed to a roofing mop; there is nothing new either in the manner in which the article is manufactured or in the use to which it is put. The novelty, if any, must reside in the mere substitution of glass fibers for cotton yarns. In fact, appellant correctly stated the question in its trial brief in the § 4915 proceeding:

** 28 U.S.C.A.

"Stating the proposition in simple English, the basic question is whether or not this accomplishment of the plaintiffs is to be construed as falling within the general rule, holding that the simple substitution of material does not amount to invention or whether it is to be brought into that class of exceptions wherein the facts indicate that a startling and unexpected result has been achieved."

The trial court found correctly that the accomplishment falls within the general rule.

Since we find all of the claims of the patent in suit to be invalid for want of invention, we need not consider the question of infringement or the question of the excluded evidence relating thereto.

Affirmed.